HALLOWAY *et al. v.* HALLOWAY.

(In Banc. Nov. 25, 1940. Suggestion of Error Overruled, Dec. 9, 1940.)

[198 So. 738. No. 34281.]

**White & Morse,** of Gulfport, and **Grant & Tonsmeire,** of Biloxi, for appellants.

724

**Lemuel H. Doty** and **J. D. Stennis, Jr.**, both of Biloxi, for appellee.

Argued orally by **Leslie Grant** and by **S. E. Morse,** for appellant, and by **Lemuel H. Doty** and **J. D. Stennis, Jr.,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

The evidence is sufficient to sustain the verdict; the instructions, when read together, fairly well inform the jury upon the law, and there is no reversible error that we see in the record. The points raised require no comment except that it may be of interest to deal with the following instruction refused by the court: "The court instructs the jury that it is presumed that the defendants in this case acted in good faith and without malice and the burden is on the plaintiff to overcome the presumption that the defendants acted under the influence of natural affection, and for what they believed to be the real good of the minor husband of the plaintiff."

The action was for alienation of affections. The defendants are the sisters of the husband. The quoted instruction embodies a correct statement in point of law, and which would prevail and be made effective by a peremptory charge when no substantial evidence has been introduced to show to the contrary. But when evidence has been introduced, which, if believed with all the reasonable inferences to be drawn therefrom, conduces to the conclusion that the defendants acted without good faith and with malice, and the jury is instructed, as was done by other instructions, that the burden of proof is on the plaintiff as to those issues, then the quoted instruction has no proper place; for the general principle applicable to trials in civil cases, with few exceptions, is that when the facts themselves appear in the proof the presumptions as to those facts disappear.

Affirmed.